UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:05-CR-20058-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LINDSEY O. FREEMAN (01)** | **MAGISTRATE JUDGE KAY** |

## RULING

Before the Court is a "Motion to Reopen 2255 Proceedings" [Doc. No. 39] filed by defendant Lindsay O. Freeman. Pursuant to the motion, Freeman seeks reconsideration of this Court's May 28, 2019 Judgment, which dismissed his original motion to vacate without prejudice. [Doc. No. 38]. On July 23, 2019, the Court referred the Motion to Reopen 2255 Proceedings to the Magistrate Judge for Report and Recommendation ("R&R"). [Doc. No. 40]. On August 27, 2019, the Magistrate Judge issued her R&R and recommended the motion be denied. [Doc. No. 44]. Freeman has filed objections to the R&R. [Doc. No. 45]. For the reasons that follow, the Court **GRANTS** the Motion to Reopen [Doc. No. 39] and **DENIES** the motion to vacate [Doc. Nos. 20, 34] on the merits.

On August 12, 2004, Freeman and others were indicted for crimes related to a series of casino robberies in South Louisiana between December 2003 and July 2004. *See United States v. Ceasar, et al.*, No. 2:04-CR-20115 (W.D.La. Aug. 12, 2004), Doc. No. 1. Specifically, Freeman was charged in two counts of a six-count indictment with the following offenses: Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. §§ 2 and 371 (Count 1)[1], and

---

[1] According to Count 1, Freeman and his co-defendants conspired to commit the crime of robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951.

Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 2 and 1951(a) (Count 2).[2] *Id.* On April 8, 2005, Freeman was charged in the above-captioned case (2:05-CR-20058-01) in a one-count bill of information with "Use, Carry, Possess, and Brandish a Firearm During a Crime of Violence," in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). On May 3, 2005, Freeman pleaded guilty to Count 1 of the indictment (conspiracy to commit robbery) and to Count 1 of the bill of information (using, carrying or possessing a firearm during a crime of violence). Freeman was sentenced on March 23, 2006 to sixty months incarceration on the conspiracy charge and 120 months on the firearm charge, with the sentences to run consecutively. Freeman did not appeal his conviction or sentence in either case.

On or about November 13, 2018, Freeman, proceeding *pro se*, filed his first § 2255 motion, seeking relief from his § 924(c) conviction. [Doc. No. 20]. On November 29, 2018, counsel enrolled on his behalf and subsequently filed an Amended Motion to Vacate. [Doc. Nos. 29, 34]. Pursuant to his motion, Freeman alleged he was entitled to relief from his firearm conviction and sentence under *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). In *Dimaya*, the Supreme Court extended the holding of *Johnson*[3] to a similar residual clause under the Immigration and Nationality Act. *Dimaya* at 1210. Thereafter, the Fifth Circuit held that the residual clause of the definition of "crime of violence" in § 924(c), the statute under which Freeman was convicted, is likewise unconstitutionally vague. *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *cert. granted*, 139 S.Ct. 782 (2019), and *aff'd in part, vacated in part, remanded*, 139 S.Ct. 2319 (2019).

---

[2] 18 U.S.C. § 2 "makes one who aids or abets 'an offense against the United States' liable as a principal." *United States v. Lewis*, 907 F.3d 891, 894 n.3 (5th Cir. 2018).

[3] *Johnson v. United States*, 135 S.Ct. 2551 (2015) held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutional under the Fifth Amendment's Due Process Clause, as the provision is void for vagueness.

The government opposed Freeman's motion, arguing it was untimely and that it failed on the merits. [Doc. No. 35].

On April 5, 2019, the Magistrate Judge issued her report and recommendation, finding in pertinent part:

> As the Fifth Circuit recently recognized, neither *Johnson* nor *Dimaya* starts the clock for challenging a § 924(c) conviction under § 2255 – even though the Court directed courts of appeals to reconsider § 924(c) in light of *Dimaya*. *United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018). Although the Fifth Circuit determined a few months later in *Davis*, supra, that § 924(c) is unconstitutionally vague under *Dimaya* and *Johnson*, this does not yet amount to recognition of the right by the United States Supreme Court.
>
> . . . Accordingly, his motion must be dismissed as untimely. Such dismissal should be without prejudice to his right to reassert the claim if the Supreme Court upholds the Fifth Circuit's ruling in *Davis*, or otherwise expressly invalidates the residual clause of § 924(c).

[Doc. No. 36 at 4]. On May 28, 2019, the Court adopted the R&R and dismissed the motion as untimely without prejudice to Freeman's right to reassert the motion "in the event that the United States Supreme Court invalidates the residual clause of 18 U.S.C. § 924(c)." [Doc. No. 38].

On or about July 8, 2019, Freeman filed the pending *pro se* "Motion to Reopen 2255 Proceedings" [Doc. No. 39], asserting "[o]n June 24, 2019, the United States Supreme Court held section 924(c) unconstitutionally vague in United States v. Davis, No. 18-431," thereby warranting relief under § 2255. [Doc. No. 39 at 2]. The Court again referred the motion to the Magistrate Judge for R&R. On August 27, 2019, the Magistrate Judge issued her R&R and recommended that the motion be denied. [Doc. No. 44]. In the R&R, the Magistrate Judge construes the motion as a motion for reconsideration and finds the motion to be untimely under Fed. R. Civ. P. 59. Alternatively, the Magistrate Judge finds that even if construed under Fed. R. Civ. P. 60(b), the Court is without authority to grant the relief requested, reasoning, "The Fifth Circuit has expressly found that '[a] change in decisional law after entry of judgment does not constitute exceptional

circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6)." *Id.* at 2 (quoting *Adams v. Thaler*, 679 F.3d 312, 319-20 (5th Cir. 2012)).[4] Freeman has timely objected to the R&R, and the motion is now ripe for ruling.

For the reasons that follow, the Court finds that the motion should be construed as a Rule 60(b)(6) motion.[5] *See Castro v. United States*, 540 U.S. 375, 381 (2003) (explaining that federal courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category"). "When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, --- F.3d ---, 2019 WL 5205899, *3 (5th Cir. 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)); *see also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). If the petitioner is attempting to file a second or

---

[4] In *Adams*, the Fifth Circuit, relying on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), held that petitioner's Rule 60(b)(6) motion challenging "the district court's determination that his claims were procedurally defaulted" was "not to be construed as an improper successive habeas petition and [was] properly before the district court." *Adams*, 679 F.3d at 319. The Court then determined that the district court improperly granted a stay of execution, because petitioner had not shown he was "likely to succeed on the merits" of his Rule 60(b)(6) motion, which is one of the findings required before a stay of execution may be granted. In his Rule 60(b)(6) motion, petitioner relied on *Martinez v. Ryan*, 566 U.S. 1 (2012) (recognizing a narrow exception to the holding of *Coleman v. Thompson*, 501 U.S. 722 (1991) regarding cause to excuse procedural default), which issued after the District Court's original judgment. The Fifth Circuit held the *Martinez* decision did not constitute an "extraordinary circumstance" warranting Rule 60(b)(6) relief, because Fifth Circuit precedent holds that "'[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment' under Rule 60(b)(6)." *Id.* at 319 (alteration in original) (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)).

[5] While the Court agrees with the R&R's alternative finding that the motion should be construed as a Rule 60(b)(6) motion, it disagrees that the *Davis* decision is merely a "change in decisional law" which "does not constitute exceptional circumstances." [Doc. No. 44 at 2]. If Freeman's conviction was based on the definition of "crime of violence" articulated in § 924(c)(3)(B) (i.e., the residual clause), then he is "actually innocent" of that charge under *Davis*, thereby meeting the "extraordinary circumstances" requirement. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *United States v. Reece*, 938 F.3d 630, 634 n.3 (5th Cir. 2019).

successive habeas application, he must first obtain authorization from the appropriate appellate court before he may proceed. *Webb* at *3. If he is only seeking Rule 60(b) relief, appellate court authorization is not required. *Id.* "A purported Rule 60(b) motion should be construed as a successive habeas application when it raises a new theory of relief or disputes the district court's substantive resolution of a claim." *Id.* "In contrast, a Rule 60(b) motion that attacks 'some defect in the integrity of the federal habeas proceedings' or a procedural ruling that precluded a merits determination should not be construed as an unauthorized successive habeas application." *Id.* (quoting *Gonzalez* at 533).

In this matter, the Court dismissed Freeman's original § 2255 motion as untimely, not because it was filed too late, but because it was filed too early. Freeman's motion was filed too early, because the validity of § 924(c)(3)(B) had not yet been addressed by the Supreme Court.[6] *See* 28 U.S.C. § 2255(f)(3); *United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018). Therefore, the Court did not reach the merits of Freeman's claim, and the original motion was dismissed without prejudice. Accordingly, the Court finds Freeman's motion is not considered a second or successive § 2255 motion and does not require a certificate of appealability from the

---

[6] A motion attacking a sentence imposed by a federal court is subject to a "1-year period of limitation," which begins to run "from the latest of" one of four different triggering events. 28 U.S.C. § 2255(f). Section 2255(f)(3), which governs the timeliness of Freeman's motion, provides that the motion must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .'" 28 U.S.C. § 2255(f)(3); *see also United States v. Williams*, 897 F.3d 660, 661 (5th Cir. 2018). As apparent from the statutory language, only the Supreme Court can announce a "new right" for purposes of § 2255(f)(3). However, both the Supreme Court and lower federal courts can determine whether a new right announced by the Supreme Court is "retroactively applicable to cases on collateral review" when considering an initial § 2255 petition. *U.S. v. Lopez*, 248 F.3d 427, 431-32 (5th Cir. 2001); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *see also Wiegand v. U.S.*, 380 F.3d 890, 892 (6th Cir. 2004) (any federal court, including district courts, can make the retroactivity decision); *accord U.S. v. Swinton*, 333 F.3d 481, 486 (3rd Cir. 2003). In contrast, when addressing a second or successive petition, only the Supreme Court can determine that the new rule applies retroactively to cases on collateral review. *United States v. Olvera*, 775 F.3d 726, 730 n.11.

Fifth Circuit. *Gonzalez*, 545 U.S. at 532 n.4; *U.S. v. Williams*, 194 F.3d 1308, *1 (5th Cir. 1999); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (a habeas petitioner's claim raised for the second time after his first claim was dismissed without prejudice as premature was not a "second or successive" application under AEDPA); *Moreland v. Robinson*, 813 F.3d 315, 322-25 (6th Cir. 2016) (Where a Rule 60(b) motion is filed after district court dismisses original petition, but before the period to appeal the district court's judgment has expired, the motion is not a second or successive application).[7]

Accordingly, the Court turns to the merits of Freeman's petition.[8] While the determination of whether or not this Court has jurisdiction to address the substance of Freeman's claim required a lengthy analysis, the merits are easily resolved. As previously stated, on May 3, 2005, Freeman pleaded guilty to conspiracy to commit robbery in violation of 18 U.S.C. § 371 (Count 1 of the

---

[7] To the extent it could be argued that Freeman should file a new habeas application, the Court declines to impose such a requirement. In *United States v. Reece*, the Fifth Circuit considered the petitioner's § 2255 motion "in light of the Supreme Court's affirmation of our holding in *Davis*," despite the fact petitioner first raised the holding of *Davis* in his reply brief to the Fifth Circuit on appeal. *Reece*, 938 F.3d 630, 633 n.2 (5th Cir. 2019). The Fifth Circuit reasoned Reece's reply brief "was the first chance he had to invoke *Davis* after it was issued," and noted "[w]e liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel. . . ." *Id.* (alteration altered) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Likewise, Freeman's Rule 60(b) motion (filed *pro se*) is "the first chance he had to invoke *Davis* after it was issued." *Id.* If the Fifth Circuit permitted a habeas petitioner to argue *Davis* in a reply brief on appeal, *a fortiori*, he should be able to do so in his Rule 60(b) motion in the original proceeding, filed before his appellate delays expired. *See also Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) (A prisoner "is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding.")

[8] Rule 60(b) provides that the district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for" any one of certain enumerated grounds. Fed. R. Civ. P. 60(b). In this matter, grounds (1) through (5) of Rule 60(b) are inapplicable. Accordingly, the Court construes the motion as based upon ground (6), which allows relief for "any other reason that justifies relief." In the context of habeas corpus proceedings, the Supreme Court requires "a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. As previously noted, if Freeman's conviction was based on the definition of "crime of violence" articulated in the residual clause of § 924(c), then he is "actually innocent" of that charge under *Davis*, thereby meeting the "extraordinary circumstances" requirement. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Reece*, 938 F.3d at 634 n.3.

Indictment in Case No. 2:04-CR-20115) and to using and carrying a firearm during and in relation to a crime of violence in violation of § 924(c)(1) (Count 1 of the bill of information in the pending case). The predicate offense for Freeman's 924(c) conviction was <u>not</u> conspiracy to commit robbery, but rather, was "armed robbery of the Gold Mine Casino, 1671 Highway 190, Eunice, Louisiana" on December 10, 2003. [Doc. No. 5-3 at 1; *see also* Doc. No. 1; Doc. No. 5-4; and Case No. 2:04-CR-20115, Doc. No. 583 at 57-58]. Unlike conspiracy to commit Hobbs Act robbery, interference with commerce by robbery satisfies the elements clause of 924(c). *See United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019); *see also U.S. v. Ramos-Rodriguez*, 136 F.3d 465, 467 (5th Cir. 1998) (a conviction under 924(c) does not require conviction on an underlying crime of violence, and even acquittal of the predicate offense will not necessarily preclude a conviction under 924(c)). As the predicate offense for Freeman's 924(c) conviction was interference with commerce by robbery, it satisfies the elements clause of 924(c). The elements clause of 924(c) has not been held unconstitutional. Accordingly, Freeman's § 2255 motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

    SIGNED this 5th day of November, 2019.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE